MARY F. SCHMALING, Plaintiff, *v.* JOHN BURLING, as Trustee under the Last Will and Testament of GEORGE T. BURLING, Deceased, Defendant.

Supreme Court, Westchester County, December 29, 1933.

*Ray W. Aylesworth,* for the plaintiff.

*Lynch, Cahn & Weed,* for the defendant.

MORSCHAUSER, J.    This is a motion by plaintiff for judgment on the pleadings in the above-entitled action.    The action is brought

by the plaintiff for an injunction *pendente lite* and for a judgment restraining defendant from consenting to or from transferring certain guaranteed first mortgage certificates, held by the defendant as trustee, to a proposed new corporation to be organized under a proposed plan submitted by or on behalf of the Superintendent of Insurance, and for judgment declaring chapter 745 of the Laws of 1933 unconstitutional and void. The facts alleged in the complaint are, briefly, as follows:

The defendant is a trustee under the last will and testament of George T. Burling, deceased. By said will a share of decedent's estate was given to defendant in trust to pay the income to plaintiff for life, and upon her death the principal was given to her son absolutely. The defendant, as such trustee, invested the sum of $15,000 in a guaranteed first mortgage certificate issued by the Lawyers' Westchester Mortgage and Title Company. A copy of said certificate is annexed to, and made a part of, the complaint.

Prior to the commencement of this action, the Superintendent of Insurance was appointed rehabilitator of said Lawyers' Westchester Mortgage and Title Company, and has taken possession of the property of said title company and is conducting the business thereof. The said Lawyers' Westchester Mortgage and Title Company is in default in paying the interest specified in said certificate to the defendant, and, in fact, the owner of the property is in default in paying the interest on said mortgage since June 1, 1932, and is in default in paying the taxes for the year 1933.

Under the provisions of chapter 745 of the Laws of 1933, the Superintendent of Insurance has attempted to promulgate a plan for the readjustment of the rights of the holders of guaranteed mortgage certificates issued by the Lawyers' Westchester Mortgage and Title Company. A copy of said plan is annexed to the complaint and marked Exhibit B. This plan provides that holders of the guaranteed first mortgage certificates are to transfer the same to the proposed new corporation and accept in lieu thereof shares of stock and debentures issued by said new corporation.

The defendant as such trustee intends to, and has threatened to, transfer the said first mortgage certificate to said new corporation, and this action is brought to restrain the defendant from so doing upon the ground, *first*, that the defendant as trustee is not authorized to transfer guaranteed first mortgage certificates to a business corporation and accept the stocks and debentures of said corporation, and, *second*, that chapter 745 of the Laws of 1933 is unconstitutional and void.

The answer of the defendant substantially admits the allegations of the complaint, and further alleges therein that the statute in

question is constitutional, and that the fact that the defendant holds the certificate in question as trustee is no legal inhibition against his participating in such plan. It is conceded by the parties that the pleadings raise only questions of law.

Under the present existing conditions, serious emergencies exist that require affirmative action on the part of various fiduciary holders of investment securities, and the provisions of the Schackno Act are necessary in the exercise of the police power of the State to safeguard and protect the interests of the many as against those of the few. The provisions of chapter 321 of the Laws of 1933, amending section 111 of the Decedent Estate Law, and the provisions of chapter 320 of the Laws of 1933, amending section 21 of the Personal Property Law, which amendments are identical in form, show the clear purpose and intent to permit trustees to consent to any reasonable plan for the readjustment or modification of the rights existing under mortgage certificates which a justice of the Supreme Court may approve.

Fiduciaries have power not only to consent to the plan but to exchange their certificate holdings for stock in the business corporations to be formed, because both amendments mentioned provide specifically that the trustees or executors may from time to time adjust, reduce, modify, postpone or compound the same on any terms and conditions thereof; " the same " meaning the mortgage participation certificates. The United States Supreme Court in the emergency rent cases decided, *first*, that the legislative declaration of facts affording the ground for the regulation, although it could not be held conclusive by the courts, yet was entitled to the greatest respect, and was a publicly notorious and world-wide fact, which was confirmed by common knowledge; *second*, that the exigency existing constituted a public interest so great as to justify regulations by law, that is, by the police power of the law-making authority; and, *third*, that the regulation of rents was justified as a temporary measure, even though it must not be as a permanent change. (*Block* v. *Hirsh*, 256 U. S. 135; 41 S. Ct. 458; 65 L. Ed. 865; *Marcus Brown Co.* v. *Feldman*, 256 U. S. 170; 41 S. Ct. 465; 65 L. Ed. 877; *People ex rel. Durham Realty Corporation* v. *La Fetra*, 230 N. Y. 429.)

No greater emergency exists in the United States to-day than the sad plight of the enormous number of holders of investment certificates in the metropolitan area of New York State. Just as in the emergency rent laws, so in the case of these certificate holders, the interests of the great majority must prevail over the interests of the minority. The provisions of the Schackno Act (Laws of 1933, chap. 745) are essential for the relief of the holders of investment securities involving many, many millions of dollars.

50

I hold the statute in question constitutional and that the defendant possesses the legal power to surrender the certificate, accepting in exchange therefor the debenture certificates of the proposed corporation. Plaintiff's motion for judgment on the pleadings is denied. Motion for an injunction also denied.